NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CLARENCE H. ELLIOT,

      Petitioner - Appellee,

      v.

BRIAN WILLIAMS; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

      Respondents - Appellants.

No. 11-17435

D.C. No. 2:08-cv-00829-GMN-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted November 4, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Brian Williams, Warden, Nevada Southern District Corrections Center, and

the Nevada Attorney General (collectively "the State") appeal the district court's

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

grant of a writ of habeas corpus to Clarence Elliot. See 28 U.S.C. § 2254. We affirm.

The State asserts that Elliot's right to due process under the Fourteenth Amendment to the United States Constitution was not violated when the jury at his trial was improperly instructed on the deliberation element of first degree murder. See Nev. Rev. Stat. § 200.030(1)(a). We disagree.

At the time it decided Elliot's case, the Nevada Supreme Court had determined that the instruction regarding deliberation given at Elliot's trial was no longer proper, but that the new instructional requirements would not apply to defendants, like Elliot, even though their cases were not final when the new requirements were adopted. However, we later decided that a failure to apply the new requirements to those defendants violated their due process rights. See Babb v. Lozowksy, 719 F.3d 1019, 1030–33 (9th Cir. 2013).[1] Of course, to be entitled to relief, Elliot was required to show that the error was not harmless,[2] but the State

---

[1]Incidentally, the Nevada Supreme Court agrees that its prior position was erroneous. See Nika v. State, 124 Nev. 1272, 1287, 198 P.3d 839, 850 (2008).

[2]See Fry v. Pliler, 551 U.S. 112, 116, 127 S. Ct. 2321, 2325, 168 L. Ed. 2d 16 (2007); Brecht v. Abrahamson, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353 (1993).

does not argue that it was harmless.[3]  Moreover, on this record, we would be hard pressed to find harmless error; at the very least there is grave doubt that it was harmless.  See O'Neal v. McAninch, 513 U.S. 432, 437–38, 115 S. Ct. 992, 995, 130 L. Ed. 2d 947 (1995); Coleman v. Calderon, 210 F.3d 1047, 1051 (9th Cir. 2000).  The State does briefly suggest that because after Elliot filed his petition for habeas corpus relief in the district court, the Nevada Supreme Court indicated that it would give relief in cases that were not final, he should have returned to the State courts.  However, he had already invoked "one complete round of the State's established appellate review process,"[4] and he was not required to do more.

AFFIRMED.

---

[3]Arguments that are not raised in the opening brief are waived.  See Brooks v. City of San Mateo, 229 F.3d 917, 922 n.1 (9th Cir. 2000); see also Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994).

[4]See O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999); see also Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002).